IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## ADRIAN DELK v. ATV POWERSPORTS ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-5006-24    Rhynette N. Hurd, Judge**

_____

**No. W2025-00785-COA-R3-CV**

_____

Appellant, Adrian Delk, has appealed an order of the Shelby County Circuit Court that was entered on March 13, 2025. We determine that the trial court's order does not constitute a final appealable judgment. As a result, this Court lacks jurisdiction to consider this appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; CARMA DENNIS MCGEE, J.; VALERIE L. SMITH, J.

Adrian D. Delk, Houston, Texas, Pro se.

ATV Powersports and Atlas Bookkeeping, Inc., Memphis, Tennessee, Pro se.

## MEMORANDUM OPINION[1]

Pursuant to Tenn. R. App. P. 13(b), the Court has reviewed the record on appeal in this case to determine whether the Court has subject matter jurisdiction over the appeal. The order to which the Notice of Appeal is directed does not appear to be "a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

Appellant's Notice of Appeal, which was filed on May 23, 2025, denotes Appellant's intent to appeal an order of the trial court entered on May 9, 2025, which denied Appellant's Motion to Strike Response and Enter Default Judgment.

On October 29, 2025, this Court entered an order directing Appellant to, within thirty (30) days, either supplement the appellate record with a final judgment or otherwise show cause in this Court why the appeal should not be dismissed for lack of jurisdiction. On November 26, 2025, Appellant filed a "Motion for Extension of Time and Show Cause Response." Therein, Appellant admitted that the trial court's May 9, 2025 order is not a final judgment. He requested that this Court grant him a thirty (30) day extension to obtain a final judgment or suspend the final judgment requirement.

On December 8, 2025, this Court entered an order denying Appellant's request to suspend the final judgment requirement but granting Appellant's request for a thirty-day extension. Therein, we stated that "Appellant is permitted a **final opportunity** to comply with this Court's October 29, 2025 show cause order." We further stated: "If Appellant fails to comply with this Order within the time allowed herein, **this appeal shall be dismissed without further notification of the Court, with costs taxed to Appellant. It is SO ORDERED.**" Appellant failed to supplement the record or file a response.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Adrian Delk, for which execution may issue.

PER CURIUM